IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DEANTHONY WILLIAMSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18−cv−1187−MJR |
| | ) | |
| JAQUIEL LASHBROOK, and | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff DeAnthony Williamson, a former inmate at Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. In his Complaint, Plaintiff claims the defendants subjected him to unlawful imprisonment by keeping him imprisoned past his proper parole date. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which
> relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune
> from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

1

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to dismiss this case for failure to state a claim upon which relief may be granted.

### The Complaint

In his Complaint (Doc. 1), Plaintiff seeks to hold the Illinois Department of Corrections ("IDOC") and Menard accountable for his unlawful imprisonment beginning February 11, 2018. (Doc. 1, p. 5). He refers to the various exhibits attached to the Complaint to support his claim. The judgment Plaintiff attached indicates that he received a six-year prison sentence with one year of mandatory supervised release on November 5, 2015. (Doc. 1, p. 7). He was also credited 293 days for previous time served. *Id.* An offender disciplinary report attached to the Complaint dated January 6, 2017 indicates that Plaintiff was charged with a major infraction for "106 - Escape or Runaway" and "307 – Unauthorized Movement" for failing to return to Crossroads ATC on September 7, 2016 after signing out of the center on a work pass. (Doc. 1, p. 9). The report notes that Plaintiff was apprehended on December 8, 2016, after having been "unauthorized for approximately 90 days." (Doc. 1, p. 10). A handwritten note on the report indicates that Plaintiff was returned to IDOC on January 6, 2017. *Id.*

Plaintiff was found guilty of the infraction and sentenced to, among other things, a disciplinary transfer and the revocation of one year of good conduct credit. (Doc. 1, p. 11). The revocation of Plaintiff's good conduct credit was later expunged on February 27, 2017. *Id.* Plaintiff's mandatory supervised release date was eventually recalculated by Menard and set at June 9, 2018. (Doc. 1, p. 16). Plaintiff wrote a letter, attached to the Complaint, claiming that his mandatory supervised release date should have been set at February 11, 2018, its original date, rather than June 9, 2018. *Id.* He also wrote several grievances complaining about this issue. (Doc. 1, pp. 17, 19-25). The responses to Plaintiff's grievances indicated that the extension reflected the time Plaintiff spent out of custody, 3 months and 28 days. (Doc. 1, pp. 17, 20, 22, 24).

Plaintiff seeks payment from the defendants for each day he was held after February 11, 2018. (Doc. 1, p. 6).

## **Discussion**

Based on the allegations of the Complaint, the Court finds it convenient to designate a single count in this *pro se* action. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion regarding its merit.

> **Count 1 –** Defendants unlawfully confined Plaintiff after his original release date of February 11, 2018, in violation of the Fourteenth and/or Eighth Amendments.

As discussed in more detail below, Count 1 will be dismissed for failure to state a claim upon which relief may be granted. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

## Count 1 – Unlawful Imprisonment

Plaintiff claims that he was unlawfully imprisoned past his original mandatory supervised release date. His Complaint and the attached exhibits suggest that Plaintiff believes Menard erred, in violation of his rights, when it pushed his release date back to June 9, 2018 to account for the 3 months and 28 days he was not in IDOC custody after he escaped September 7, 2017. As opposed to challenging the validity of his conviction or sentence, which would require a different analysis, Plaintiff seeks to receive damages for his incarceration past his previously calculated release date.

Plaintiff was not entitled to a specific release date, however. His sentence was for a length of time, not until a particular date. Menard did not require Plaintiff to serve a longer sentence than his trial judge intended. Instead, the documents attached to the Complaint indicate that Plaintiff's release date was pushed back by the length of time that Plaintiff was not in IDOC custody, to ensure he served his full sentence. In essence, Plaintiff was understandably not given credit toward his sentence for the time he spent outside of IDOC custody after he escaped.[1] Without any allegation from Plaintiff that he was not outside of IDOC custody for 3 months and 28 days while he was supposed to be incarcerated, Plaintiff's claim that he was unlawfully imprisoned for this period of time after his original release date must fail. The Complaint will therefore be dismissed. Out of an abundance of caution, this dismissal shall be without prejudice, and Plaintiff will be given one chance to amend his complaint to state a viable claim.

## Disposition

**IT IS HEREBY ORDERED** that the Complaint, **COUNT 1**, **LASHBROOK**, and

---

[1] This does not run afoul of the rule prohibiting the government from delaying the expiration of a sentence by postponing commencement of the sentence or by releasing a prisoner for a time and then re-imprisoning him, as this rule carries as exception for when a sentence is "interrupted by fault of the prisoner (an escape, for example)." *Dunne v. Keohane*, 14 F.3d 335, 336 (7th Cir. 1994); *Bintzler v. Gonzales*, 239 F. App'x 271, 275 (7th Cir. 2007).

**IDOC** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Out of an abundance of caution, Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **August 8, 2018**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g) as Plaintiff has thus far failed to state a claim upon which relief may be granted with respect to this case, and he filed the case while he was still a prisoner at Menard.

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action (*i.e.* 18-cv-1187-MJR). The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated to Plaintiff's excessive incarceration claim will be severed into new cases, new case numbers will be assigned, and additional filing

fees will be assessed. To enable Plaintiff to comply with this order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 11, 2018**

                                                  s/ MICHAEL J. REAGAN
                                                  Chief Judge
                                                  United States District Court